UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DAVID JORDAN, | No. 2:14-cv-2089 AC P |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN, | |
| Respondent.[1] | |

Petitioner, a county prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00).  See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

////

---

[1] Petitioner fails to identify a respondent.  "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition.  This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989).  Petitioner must identify as respondent, in any future filing, the official having custody over him, that is, the person who is in charge of the facility where he is incarcerated.

1

In addition, petitioner must show cause why the instant petition should not be dismissed for petitioner's failure to exhaust state court remedies. Petitioner indicates that he pled guilty to "possession for sales with a prior" on January 8, 2013 and that he received a six-year sentence on February 18, 2014. ECF No. 1. Petitioner also makes clear that he did not appeal the conviction or sentence but does not clarify whether or not he proceeded by way of a petition for writ of habeas corpus to his exhaust his claims before the California Supreme Court prior to presenting them in this federal court. Id.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in a recommendation that this action be dismissed;

2. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district.

3. Petitioner must also, within thirty days, show cause why the petition should not be dismissed as unexhausted. Should petitioner fail to demonstrate that he has exhausted state court

////

////

////

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

1 | remedies, the court will recommend dismissal without prejudice of the instant petition.[3]

2 | DATED: September 12, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).