UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DAVID JORDAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNKNOWN,[1]<br><br>　　　　　Respondent. | No. 14-cv-2089 AC P<br><br><br><br>ORDER |

Petitioner, a county prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. By order filed on September 15, 2014, petitioner was directed to provide the filing fee or an appropriate in forma pauperis affidavit. ECF No. 3. Petitioner was also ordered to show cause within thirty days why his petition should not be dismissed as unexhausted and advised that failure to do so would result in a recommendation of dismissal without prejudice. Petitioner subsequently consented to the jurisdiction of the undersigned. ECF No. 4.

Petitioner has submitted a declaration that makes the showing required by § 1915(a) and the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). However,

---

[1] Petitioner fails to identify the respondent, that is, the official having custody over him, although previously cautioned to do so. See ECF No. 3, n.1.

1

1  petitioner has failed altogether to show cause why his petition should not be dismissed for failure
2  to exhaust state court remedies.

3  Petitioner pled guilty to "possession for sales with a prior" on January 8, 2013 and
4  received a six-year sentence on February 18, 2014.  ECF No. 1.  Petitioner made clear he did not
5  appeal the conviction or sentence and has been given an opportunity to clarify whether or not he
6  proceeded by way of a petition for writ of habeas corpus to his exhaust his claims before the
7  California Supreme Court prior to presenting them in this federal court.  Id.  As noted, however,
8  petitioner has failed to make any showing in that regard and the time for doing so has expired.

9  As petitioner has been previously informed, the exhaustion of state court remedies is a
10 prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If
11 exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. §
12 2254(b)(3).[2]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies
13 the exhaustion requirement by providing the highest state court with a full and fair opportunity to
14 consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270,
15 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021
16 (1986).

17 Petitioner has failed to exhaust state court remedies.  The claims have not been presented
18 to the California Supreme Court.  Further, there is no allegation that state court remedies are no
19 longer available to petitioner.  Accordingly, the petition will be dismissed without prejudice.[3]

20 Accordingly, IT IS HEREBY ORDERED that:

21 1.  Petitioner's request for in forma pauperis status is granted;

22 2.  Petitioner's application for a writ of habeas corpus is dismissed without prejudice for

---

[2] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

failure to exhaust state remedies; and

  3.  The Clerk of the Court is directed to serve a copy of this order with a copy of the petition filed in the instant case on the Attorney General of the State of California.

DATED: December 24, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE